SEP-24-2008 11:38 AM   BEAMER.SLAGG.THOMPSON   8168420102   P.03
Aug. 29. 2008 7:33PM                                    No. 5675   P. 2



FILED
2008 JUL 14 PM 4: 1
WYANDOTTE...
BY [signature]
DEPUTY

## IN THE CIRCUIT COURT OF WYANDOTTE COUNTY, KANSAS
## TWENTY-NINTH JUDICIAL DISTRICT

| | |
|---|---|
| ROBERT CARVER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08CV1433 |
| FOWLER ENVELOPE, L.C. | ) |
| Serve Resident Agent: | ) |
| Steve Neusel | ) |
| 3101 North 7th St. Trafficway | ) |
| Kansas City, Kansas 66115 | ) |
| Defendant. | ) |

### PETITION

Plaintiff Robert Carver ("Plaintiff"), for his claims and causes of action against Defendant Fowler Envelope, L.C. ("Defendant"), states and alleges as follows:

### JURISDICTION AND VENUE

1.  Plaintiff is a resident of Shawnee, Johnson County, Kansas.

2.  Defendant is a Kansas corporation doing business in Kansas City, Wyandotte County, Kansas, and may be served through its designated resident agent at the above-noted address.

3.  Jurisdiction in this Court is proper against Defendant pursuant to K.S.A. 20-301.

4.  Venue is proper in this Court pursuant to K.S.A. 60-604(2) because the events and occurrences giving rise to Plaintiff's claims occurred in this judicial district.

EXHIBIT A

## GENERAL ALLEGATIONS

5. Plaintiff was employed by Defendant as a Machine Group Manager until on or about November 30, 2007.

6. During Plaintiff's employment with Defendant, Plaintiff satisfactorily performed his job duties.

7. Defendant makes and sells envelopes to companies, including a company called Quebecor. In about October or November 2007, Defendant ordered Plaintiff to alter the counter on a machine to show that the boxes of envelopes being sold to Quebecor contained more envelopes than what were actually in the boxes; in other words, Defendant asked Plaintiff to commit a fraud or misrepresent the truth to a paying customer.

8. Plaintiff, out of a good faith concern over the wrongful activity he was being asked to perform, complained to defendant's Quality Assurance Manager for the Quebecor account that it was wrong to change the counters on the machine because it would show the customer receiving more envelopes than it was actually receiving.

9. Plaintiff reasonably believed that Defendant was not being truthful with a paying customer and that such practice of false reporting of the number of envelopes sold was in violation of Defendant's policies and/or was criminally fraudulent.

10. In about May 2007, Plaintiff was diagnosed with multiple sclerosis (MS).

11. Plaintiff informed Defendant of his diagnosis and also told his employer and provided medical documentation stating that his diagnosis would not impact his ability to perform his job duties.

12. On or about November 30, 2007, Defendant terminated Plaintiff's employment without explanation.

2

13.  Defendant terminated Plaintiff's employment because Plaintiff blew the whistle on Defendant's fraudulent business practices and/or because Defendant regarded Plaintiff as disabled, in violation of the Americans with Disabilities Act (ADA).

## COUNT I: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
### (Whistleblower Claim)

For his cause of action for wrongful discharge in violation of public policy, Plaintiff states as follows:

14.  Plaintiff incorporates paragraphs 1 through 13 as if they were fully stated herein.

15.  A reasonably prudent person would have concluded that defendant was engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and general welfare when Defendant told Plaintiff to fraudulently alter the counter on a machine so as to deceive a customer, as described above.

16.  Defendant had knowledge of Plaintiff's reporting of said violations prior to his termination from employment.

17.  Plaintiff suffered adverse employment action and retaliatory conduct by Defendant subsequent to engaging in the protected activity of reporting and complaining about the above-described wrongful conduct and actions.

18.  A causal connection exists between Plaintiff's protected reporting activities and his termination from employment with Defendant.

19.  Plaintiff suffered damages as a direct and proximate result of the aforesaid retaliatory conduct by Defendant, including but not limited to damages for emotional distress and loss of past and future income and benefits;

20. Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

WHEREFORE, as to Count I, Plaintiff respectfully prays that this Court enter judgment against Defendant in Plaintiff's favor and in such sum as will compensate him for the damages he has suffered and will suffer as a result of the above actions of Defendant, including costs and disbursements in this action, and all other relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

For his cause of action for violation of the Americans with Disabilities Act, Plaintiff states as follows:

21. Plaintiff incorporates paragraphs 1 through 20 as if they were fully stated herein.

22. After Plaintiff informed Defendant of his MS diagnosis, Defendant regarded Plaintiff as having a disability under the ADA; that is, Defendant either (1) mistakenly believed that Plaintiff has a physical impairment that substantially limits one or more major life activities, or (2) mistakenly believed that an actual, non-limiting impairment, such as Plaintiff's MS, is a substantially limiting impairment.

23. After Plaintiff informed Defendant of his MS diagnosis, Defendant had concerns that Plaintiff's condition might pose a serious or direct threat of harm to himself or others in the workplace.

24. At all relevant times Defendant employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and is, therefore, an "employer" within the meaning of the ADA, 42 U.S.C. §12111(5)(A).

25. On or about April 1, 2008, Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Defendant on the basis of a perceived disability.

26. On or about April 15, 2008, the EEOC issued to Plaintiff a Notice of Right to Sue as against Defendant. Plaintiff filed this lawsuit within 90 days of his receipt of that Notice of Right to Sue.

27. Plaintiff's charge of discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of an EEOC investigation that could reasonably be expected to have grown out of the charge of discrimination.

28. Plaintiff has satisfied and exhausted all private, administrative, and judicial prerequisites to the institution of this action.

29. This claim arises under the ADA and the unlawful discrimination complained of herein occurred within the jurisdiction of the Circuit Court of Wyandotte County making jurisdiction and venue appropriate in this court.

30. At all times during his employment with Defendant, Plaintiff was able to perform the essential functions of his job without reasonable accommodation.

31. Additionally, during his employment, Plaintiff performed his job to the best of his ability and satisfactorily met the legitimate job expectations of his employer.

32. On November 30, 2007, just months after Plaintiff advised his employer of his medical diagnosis, Defendant terminated Plaintiff's employment because Defendant regarded Plaintiff as disabled.

33. Defendant failed to make good faith efforts to enforce policies to prevent illegal discrimination, including "regarded as" disability discrimination, against its employees, including plaintiff.

34. Defendant would not have terminated Plaintiff's employment but for his perceived disability.

35. As a direct and proximate result of the unlawful practices described herein, plaintiff sustained damages including lost income and benefits of continued employment, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

36. Defendant acted with reckless disregard for Plaintiff's statutorily protected rights.

37. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees and court costs, as provided in 42 U.S.C. §12117(a).

WHEREFORE, based on the foregoing, as to Count II of this Petition, Plaintiff prays for judgment in his favor and against Defendant for actual damages in an amount in excess of the minimum jurisdictional limits of this Court, for his past and future lost wages and benefits, for damages for emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and any other nonpecuniary loss plaintiff suffered as a result of Defendant's conduct, for punitive damages, for prejudgment and post-judgment interest, for Plaintiff's costs and attorneys' fees and expenses, and for such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all counts and allegations of wrongful conduct alleged in this Petition.

Respectfully Submitted,

**THORNBERRY, EISCHENS & BROWN, LLC**

By:  /s/ Joseph K. Eischens
Joseph K. Eischens    KS Bar #16985
joe@TEBlawfirm.com
Stephen C. Thornberry   KS Bar #17494
steve@TEBlawfirm.com

4550 Main St, Suite 205
Kansas City, Missouri 64111
Telephone:   816-531-8383
Facsimile:   816-531-8385

**ATTORNEYS FOR PLAINTIFF**

SEP-24-2008 11:38 AM    BEAMER.SLAGG.THOMPSON         8168420102              P.02
Aug. 29. 2008  7:33PM                                      No. 5675   P. 1
AUG-25-2008  13:28       TEB Law Firm                      816 531 8385   P.04

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | |
|---|---|
| ROBERT CARVER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 08CV1433 |
| ) | Division 5 |
| FOWLER ENVELOPE, L.C. ) | |
| Serve Resident Agent: ) | |
| Steve Neusel ) | |
| 3101 North 7th Street Trafficway ) | |
| Kansas City, Kansas 66115 ) | |
| ) | |
| Defendant. ) | |

## SUMMONS

### TO THE ABOVE-NAMED DEFENDANT FOWLER ENVELOPE, L.C.:

You are hereby notified that an action has been commenced against you in this court. You are required to file you answer to the petition with the court and to serve a copy upon the plaintiff's attorney as follows:

Joseph K. Eischens
THORNBERRY, EISCHENS & BROWN, LLC
4550 Main Street, Suite 205
Kansas City, MO 64111
Telephone: (816) 531-8383
Facsimile: (816) 531-8385

within 20 days after service of summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

KATHLEEN M. COLLINS
(seal)                                    Clerk of the District Court

Dated: 8/25/08                    by: LA

Total P.04